UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN TAYLOR JACKSON WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1591 JMB |
| ) | |
| TRENNY WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on Plaintiff's pro se filing titled Clarification of Criminal Complaint and Subject Matter Jurisdiction As Well As Personal Jurisdiction Not Withstanding Misapprehension of Filing and Need for Rescue by This Court as Wright Cannot Be a Prisoner Through Violation of 18 USC 1201.  (ECF No. 3).  Plaintiff's filing contends that "transfer under 28 USC 1404(a) is inappropriate at this time."  Id. at 1.  The Court will therefore construe Plaintiff's filing as a motion to reconsider the Court's December 2, 2024 Order transferring this case to the United States District Court for the Western District of Missouri (ECF No. 2).  The Court will deny the motion.

An order transferring a case under 28 U.S.C. § 1404(a) constitutes an interlocutory order. See, e.g., Moore v. Compass Grp. USA, Inc., No. 4:18-cv-01962-SEP, 2023 WL 7696811, at *1 n.3 (E.D. Mo. Nov. 15, 2023).  An interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R.

Civ. P. 54(b).[1] Courts ordinarily reconsider interlocutory orders "only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." Moore v. Stange, No. 1:21-CV-114-JSD, 2024 WL 4144098, at *3 (E.D. Mo. Sept. 11, 2024) (quotation omitted).

Here, Plaintiff has not demonstrated that reconsideration of the transfer order is necessary to correct a significant error. Under 28 U.S.C. § 1391, venue is proper only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff does not claim that any Defendant resides within this District, nor does he contend that any portion of the events or omissions giving rise to his claims occurred in this District. Plaintiff also does not dispute that at least certain Defendants reside within the Western District of Missouri and that the alleged events giving rise to his claims apparently occurred within that District. Instead, Plaintiff apparently contends that venue is proper here solely because he is currently in custody within this District. In his view, where the alleged conduct underlying his claims occurred "is irrelevant." However, no provision of section 1391 makes venue proper in a judicial district merely because the plaintiff is located within that district

---

[1] The Court may consider this motion to reconsider because the physical files for the case have not yet been transferred to the Western District and the Western District has not yet docketed this case. See Miller v. Grimberg, No. 3:21-CV-2751-L-BH, 2023 WL 6612528, at *2 (N.D. Tex. Sept. 20, 2023).

at the time of filing.[2]  See id.  Plaintiff has therefore failed to show that venue is proper in this District or that the Court erred by finding that venue would be proper in the Western District of Missouri.  For the foregoing reasons, Plaintiff has not demonstrated that reconsideration of the transfer order is necessary to correct a significant error.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 3) is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of December, 2024.

---

[2] The result would be different if Plaintiff were pursuing a habeas corpus action rather than a section 1983 action.  See 28 U.S.C. § 2241(d).  However, the Court does not understand Plaintiff's Complaint to seek habeas relief.  In addition, Plaintiff's filings do not suggest that he has satisfied any of the requirements for obtaining habeas relief.  See 28 U.S.C. §§ 2241, 2254.